IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. WIELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02439-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| INDIVIDUALS PRESENT DURING MY ) | |
| TALK AT THE FIRE STATION and JOHN ) | |
| DOE OR DOES, plural, roughly 8, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**

Pro se Plaintiff Christopher N. Wieland, sued the "[i]ndividuals present during [his] talk at thee [sic] fire station" in June 2024 alleging that one of the Defendants, a "Lieutenant N. Signaige," filed a false police report about Plaintiff resulting in his detention at the Lakeside Behavioral Health Systems. (*See* ECF No. 1.) Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Charmiane G. Claxton to manage all pretrial matters. Judge Claxton issued a Report and Recommendation ("R&R") in January 2025 recommending that the Court dismiss the Complaint. (ECF No. 7.) Her R&R notified both parties that they had 14 days to object to the R&R. Neither party objected.

In the R&R, Judge Claxton recommends dismissing Plaintiff's Complaint for failure to state a claim because the statutory bases for his claim provide no private right of action. (ECF No. 7.) For the reasons below, this Court **ADOPTS** the R&R.

## BACKGROUND AND THE R&R

Plaintiff sued here in June 2024. (ECF No. 1.) He also moved for leave to proceed in forma pauperis and demanded a jury trial. (ECF Nos. 2, 6.) Judge Claxton granted leave for Plaintiff to proceed in forma pauperis and also recommended dismissal. (ECF No. 7.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Claxton entered the R&R on January 23, 2025. Neither party objected, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Claxton's R&R. In fact, the Court agrees with her analysis.

Judge Claxton correctly notes that none of the statutes and regulations Plaintiff relies on provide him with a private right of action. (ECF No. 7 at PageID 16–17.) Further, "[a] court cannot create a claim which [a plaintiff] has not spelled out in [his] pleading," and "district judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011); *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Young*

2

*Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, 565 U.S. 966 (2011). The Court therefore declines to piece together events, individuals, and entities to try to create a viable cause of action for Plaintiff. Having found no clear error, the Court therefore **ADOPTS** the R&R's recommendation to dismiss this action.

## CONCLUSION

The Court has reviewed Judge Claxton's R&R and finds no clear error. And so the Court **ADOPTS** the R&R's recommendation. Accordingly, the Court **DISMISSES** Plaintiff's Claims **WITH PREJUDICE**. For these same reasons, the Court also **CERTIFIES** that any appeal by Plaintiff would not be taken in good faith and that Plaintiff may not proceed on appeal in forma pauperis.

**SO ORDERED**, this 3rd day of March, 2026.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE